**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JONATHAN VILLAFANE,**

**Plaintiff,** **CASE NO.:**

**vs.**

**HARMONY HEALTHCARE ORLANDO, INC., a Florida Corporation,**

**Defendant.**
______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff JONATHAN VILLAFANE, by and through his undersigned counsel, brings this action against Defendant HARMONY HEALTHCARE ORLANDO, INC., and states as follows:

**INTRODUCTION**

This is an action for damages and all available relief based on sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment as well as retaliation and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost

benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiff worked for Defendants in Orlando, Orange County, Florida.

4. The illegal conduct occurred within the judicial district in and for this District.

5. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on June 23, 2025.

6. On July 27, 2026, the EEOC issued its right-to-sue letter.

7. Therefore, this Complaint is filed within 90 days of Plaintiff

receiving his right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in St. Petersburg, Pinellas County, Florida.

9. At all times material hereto, Plaintiff worked for Defendant in Orlando, Orange County, Florida.

10. Defendant is and was, at all relevant times, a Florida Corporation, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

11. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

12. Plaintiff is a male individual who suffered sexual harassment and retaliation.

13. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

14. Plaintiff was qualified for his position.

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

17. Plaintiff timely filed his Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 23, 2025.

18. On July 27, 2026, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiffs receiving their right-to-sue letter.

19. Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

20. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTS

21. Plaintiff is a gay man.

22. Plaintiff began working again for Defendant on November 17, 2024, as a Social Media Manager, earning $28.00 per hour.

23. Prior to the events described below, Plaintiff was regularly scheduled to work forty (40) hours per week.

24. At all times material, Brett Rigas ("Rigas") was employed by Defendant as its Operations Manager and was Plaintiff's supervisor, with the authority to hire, fire, discipline, and set the schedules and hours of employees, including Plaintiff.

25. Plaintiff understood Rigas to be a gay male.

26. Immediately after Plaintiff began working for Defendant, Rigas began subjecting Plaintiff to unwelcome comments and conduct of a sexual nature.

27. Rigas repeatedly discussed his sexual experiences with his boyfriend with Plaintiff.

28. Rigas also frequently asked Plaintiff about the sex life of Plaintiff and Plaintiff's boyfriend.

29. Rigas described his boyfriend's penis to Plaintiff in graphic detail, including making comments to Plaintiff about his boyfriend's "uncut penis."

30. Rigas repeatedly requested that Plaintiff and Plaintiff's boyfriend stay overnight at Rigas's house in order to engage in sexual activity.

31. While pressing Plaintiff and his boyfriend to stay at his house, Rigas informed Plaintiff that he had cameras placed in the guest bedroom of his house.

32. By telling Plaintiff about the guest-bedroom cameras while insisting that Plaintiff and his boyfriend stay with him, Rigas insinuated that he would watch Plaintiff and his boyfriend engage in sexual activity.

33. Plaintiff reasonably understood that Rigas's repeated invitations to his home were sexually motivated.

34. Upon information and belief, Rigas's comments and conduct toward Plaintiff were motivated by sexual interest in Plaintiff.

35. Plaintiff did not invite, encourage, or welcome any of Rigas's sexual comments, questions, or invitations.

36. Rigas's conduct was humiliating and offensive to Plaintiff and interfered with his ability to perform his job.

37. In January 2025, Plaintiff complained about Rigas' sexual harassment to Tracey Schrey of Valens Business Services, the human resources representative designated to handle human resources matters for Defendant's employees.

38. Immediately after Plaintiff's complaint, Rigas came to the office and told Plaintiff's co-workers, Charles Bland and Taylor Randolph, that he knew Plaintiff had complained about him.

39. During that same visit, Rigas told Bland and Randolph that the cameras in the office pick up audio in addition to video.

40. Rigas's statements made clear that Plaintiff's complaint had been disclosed to Rigas, the very person Plaintiff had complained about, and conveyed to Plaintiff and his co-workers that they were being monitored.

41. Defendant did not investigate Plaintiff's complaint.

42. Defendant took no disciplinary or corrective action against Rigas and did nothing to stop the sexual harassment.

43. Instead, Plaintiff was required to continue working alongside Rigas in the clinic, which caused Plaintiff substantial distress.

44. Prior to his complaint, Plaintiff had never been criticized for his job performance.

45. After his complaint, and for the first time during his employment, Defendant criticized Plaintiff for alleged poor performance.

46. Further, after his complaint, Defendant reduced Plaintiff's hours from forty (40) to thirty-seven (37) hours per week, which had the effect of reducing Plaintiff's compensation.

47. After his complaint, Addison Taylor, a manager for Defendant, told Plaintiff that he was "first on the chopping block to be cut."

48. Taylor also told Plaintiff that the team was disappointed in him.

49. Each of these actions occurred in the weeks immediately following Plaintiff's January 2025 complaint of sexual harassment.

50. Defendant's failure to address the sexual harassment, combined with the retaliation Plaintiff suffered after complaining, including the performance criticism, the reduction in his hours, and the threat that he was "first on the chopping block," made Plaintiff's working conditions so intolerable that a reasonable person in his position would have felt compelled to resign.

51. Accordingly, on March 10, 2025, Plaintiff was forced to resign his employment and was constructively discharged.

52. As a result of Defendant's conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and mental anguish.

## COUNT I
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

53. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 52, as though fully stated herein.

54. Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during his employment with Defendant, which was perpetuated upon him by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of his gender.

55. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing conduct, but Defendant failed to take any appropriate corrective actions.

56. This sexually harassing conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

57. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

58. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted

a "continuing violation" of Plaintiff's rights.

59. During the course of his employment Plaintiff was forced to work in a sexually hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

60. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

61. Defendant's actions were open and obvious.

62. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## SEXUAL HARASSMENT OF PLAINTIFF IN VIOLATION OF FCRA

63. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 52, as though fully stated herein.

64. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

65. Plaintiff was subjected to unwelcome, offensive, and sexually harassing conduct during his employment with Defendant, which was perpetuated upon him by Defendant.

66. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing conduct, but Defendant failed to take any appropriate corrective actions.

67. This sexually harassing conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

68. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

69. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's rights.

70. During the course of his employment Plaintiff was forced to work in a sexually hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

71. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

72. Defendant's actions were open and obvious.

73. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

74. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 52, as though fully stated herein.

75. Plaintiff engaged in statutorily protected activity when he complained to Defendant regarding the sexual harassment against him.

76. Plaintiff suffered an adverse employment action when he was subjected to unfounded criticism of his performance, a reduction in his hours, and ultimately constructively discharged.

77. A causal connection exists between the protected activity and the adverse action.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of his complaints of sexual harassment.

79. Defendant does not have a legitimate, non-retaliatory reason for its constructive discharge of Plaintiff.

80. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

81. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

83. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment

interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

**COUNT IV**
**RETALIATION IN VIOLATION OF FCRA**

84. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 52, as though fully stated herein.

85. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

86. At all material times, Plaintiff was qualified to perform his job duties.

87. Defendant retaliated against Plaintiff because of his complaints about sexual harassment.

88. Plaintiff engaged in a protected activity by making a complaint to Defendant regarding sexual harassment.

89. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

90. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 22nd day of October, 2026.

Respectfully submitted,

s/ J.P. Numa
J.P. Numa, Esquire – LEAD COUNSEL

FBN: 1015371
Anthony Hall, Esquire
FBN: 40924
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com
Email: Ahall@theleachfirm.com
***Attorneys for Plaintiff***